Charles **FORDJOUR**, Plaintiff—
Appellant,

v.

David **SHEETS**, Badge # 827, sued in individual and official capacity; et al., Defendants—Appellees.

No. 03–17264.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Charles Fordjour, El Cerrito, CA, pro se.

Susan L. Hable, Esq., Maricopa County Attorney's Office, Richard F. Albrecht, Esq., AGAZ—Office of the Arizona Attorney General, Rick D. Sherman, Esq., Ronald W. Meyer, Esq., Christopher Robbins, Ralph E. Hunsaker, Esq., Cavanagh Law Firm, Wesley S. Loy, Esq., Broening Oberg Woods & Wilson, David M. Bell, Esq., David Bell & Associates, PLLC, Myles P. Hassett, Esq., Lucas N. Frank, Esq., Hassett Law Firm, David D. Dodge, Esq., Lieberman, Dodge, Gerding, Kothe & Anderson, Ltd., Claudio E. Iannitelli, Esq., Cheifetz Iannitelli Marcolini, Steven Plitt, Esq., Kunz Plitt Hyland Demlong & Kleifield, P.C., Michael J. Plati, Esq., Mariscal Weeks McIntyre & Friedlander, PA, James C. Hair, Jr., Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Defendants–Appellees.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

Charles Fordjour appeals pro se the district court's judgment in favor of the fifty-eight defendants in this action arising from a trustee's sale of Fordjour's home in Chandler, Arizona, and the disposal of his personal property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly dismissed on res judicata grounds Fordjour's claims against URS Southwest, Inc. (d/b/a All Valley Impound), M.P. Gannon, Theater Properties, L.L.C. (d/b/a Allstate Self-Storage), the Maricopa County Board of Supervisors, Maricopa County Sheriff's Office, Sheriff Joseph Arpaio, Sheriff's Deputy David Sheets, Central Real Estate Company, Rudy Serrano, Joe Serrano, State Farm Mutual Automobile Insurance Company, State Farm General Insurance Company, State Farm Fire & Casualty Company, Matthew Willey, Ramona Anaya, Douglas Burke, Dick Theiler, and Thomas Wilson. *See City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 761 (9th Cir.2003) (reviewing de novo the district court's grant of summary judgment based on res judicata). Fordjour's claims against these defendants are barred by res judicata because the claims were raised, or could have been raised, in prior actions filed by Fordjour against these parties. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001).

The district court properly dismissed under Fed.R.Civ.P. 12(b)(6) Fordjours's claims against First American Title Insurance Company, ATI Title Agency, Inc., Cendant Mortgage Corp., Mariscal Weeks McIntyre & Friedlander, P.A., Timothy Thomason and Michael Plati because there was no factual or legal basis for the claims.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir.2001) (complaint's allegations of material fact are "construed in the light most favorable" to the plaintiff, but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss").

The district court correctly granted summary judgment in favor of Broening, Oberg Woods & Wilson, P.C., James Broening, Donald Wilson, Jr., Lori Kirsch-Goodwin, Lawrence Peshkin, Thomas Nadzieja, and Peshkin Kotalik & Burghart. *See Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam) (reviewing de novo the district court's grant of summary judgment). Fordjour's claims against these defendants, lawyers who represented defendants in other actions filed by Fordjour, lacked any legitimate factual or legal basis. *See id.*

■ The district court did not abuse its discretion by dismissing Fordjour's claims against State Farm Life Insurance Company, State Farm Life & Accident Assurance Company, Jones, Skelton, & Hochuli, and William Holm for failure to comply with the service of process requirements of Fed.R.Civ.P. 4. *See Townsel v. County, Contra Costa,* 820 F.2d 319, 320 (9th Cir. 1987) (reviewing for abuse of discretion a district court's dismissal of an action for failure to serve summons and complaint). Fordjour failed to serve these defendants despite the district court's extensions of the time in which to complete service of process and warning that Fordjour's claims would be dismissed if he did not serve all defendants.

The district court properly dismissed under Fed.R.Civ.P. 12(b)(6) Fordjour's claims against the Director and Assistant Director of the Arizona Department of Transportation because they are entitled to Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

The district court did not abuse its discretion by dismissing Fordjour's claims against Stewart Title & Trust of Phoenix, Inc., Terra Marketing, Inc., and Tim Ernst for failure to file a second amended complaint setting forth his claims against these defendants. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) (reviewing for abuse of discretion the district court's dismissal of action for failure to comply with court order requiring him to file an amended complaint). The district court explained the deficiency in Fordjour's complaint and warned that his failure to comply with the filing deadline for amendment would result in dismissal of his claims against these defendants. *See id.* at 1261–62.

The district court properly dismissed under Fed.R.Civ.P. 12(b)(1) Fordjour's claims against the United States of America, the Department of Housing and Urban Development, and the Federal Home Loan Mortgage Corporation for lack of subject matter jurisdiction. *See Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir.1996) ("The doctrine of sovereign immunity applies to federal agencies and federal officials acting within their official capacities."). Moreover, the district court did not abuse its discretion by denying Fordjour's motion for reconsideration because he did not show new evidence, legal error or a change in the law. *See Carroll v. Nakatani,* 342 F.3d 934, 940, 945 (9th Cir.2003).

The district court did not err by enforcing the settlement agreement that Fordjour entered into with Tiffany & Bosco, P.A., Mark Bosco, Michael Bosco, Jr., Amelia Yorston, Jennifer Hamlin, Karen Graves, and Leonard J. McDonald, Jr., and dismissing Fordjour's claims against these defendants. *See Ahern v. Cent. Pac. Freight Lines,* 846 F.2d 47, 48 (9th Cir.

1988) ("The district court's finding that [appellant] assented to the settlement and intended to be bound by it must be affirmed unless it is clearly erroneous."). On appeal, Fordjour does not present any legitimate challenge to the validity of the settlement agreement.

■ The district court properly denied Fordjour's motion for disqualification pursuant to 28 U.S.C. §§ 144 and 455 because the affidavit in support of the motion relied exclusively on Judge Sedwick's rulings in this case. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (to provide grounds for disqualification, alleged prejudice must result from an extrajudicial source; a judge's prior adverse rulings are not sufficient cause for disqualification).

Fordjour's remaining contentions lack merit.

Accordingly, the district court's judgment dismissing the action as to all defendants is affirmed.

Appellees Central Real Estate Company, Rudy Serrano, and Joe Serrano request an award of attorney's fees and costs for defending a frivolous appeal. This request is denied without prejudice to the filing of a separate motion pursuant to Fed. R.App. P. 38 and 9th Cir. R. 39–1.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.